Filed 7/19/21  P. v. Reyna CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN REYNA,<br><br>    Defendant and Appellant. | D077918<br><br><br>(Super. Ct. No. SCE333769) |

APPEAL from an order of the Superior Court of San Diego County, John Thompson, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Arlene A. Sevidal and Elizabeth M. Kuchar, Deputy Attorneys General, for the Plaintiff and Respondent.

In 2013, John Reyna was charged with first degree murder (Pen. Code,[1] § 187, subd. (a)) and conspiracy to commit a crime (§ 182, subd. (a)(1)).

---

1      All undesignated statutory references are to the Penal Code.

In 2014, Reyna pleaded guilty to voluntary manslaughter (§ 192, subd. (a).) The factual basis of the plea was that Reyna took the life of a human being "without malice aforethought." The court sentenced Reyna to a determinate term of 11 years.

In 2020, Reyna filed a petition for resentencing under section 1170.95, claiming he pleaded guilty to manslaughter to avoid trial for felony murder under an aider and abettor theory. Accordingly, Reyna contends he is entitled to resentencing under section 1170.95, even though he was not convicted of murder.

The court denied the petition, finding Reyna was not eligible for relief because he was not convicted of murder, which is a necessary prerequisite for relief under the statute.

Reyna on appeal acknowledges all Court of Appeal decisions regarding eligibility for relief by persons convicted of manslaughter have rejected his contentions. He notes the California Supreme Court has not granted review in any of the cases, and argues that all of the appellate decisions rejecting his arguments are wrong. We reject Reyna's arguments and adhere to the views we expressed in *People v. Turner* (2020) 45 Cal.App.5th 428, 435-439.

## DISCUSSION

Senate Bill No. 1437 "was enacted 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Section 1170.95 was created to permit defendants convicted of felony murder or murder under a natural and probable consequences theory to file a

petition for resentencing to have the murder conviction vacated and to be resentenced on any remaining counts.  (§ 1170.95, subd. (a).)

Under Senate Bill No. 1437, the defendant must have been convicted of murder following trial or by plea in a case prosecuted on a felony murder or natural consequences theory.  (*People v. Martinez, supra*, 31 Cal.App.5th at p. 723.)  Reyna was not convicted of murder, and his conviction did not arise from an offense where malice is an element of the crime.  Thus, Reyna is not a person aggrieved by the former methods of proving malice that the Legislature has now rejected.

Reyna's arguments that the statute applies to persons convicted of manslaughter after being charged with murder or that failure to apply the statute to manslaughter convictions would violate equal protection have been rejected by the Courts of Appeal, including the following cases:  (1) *People v. Harris* (2021) 60 Cal.App.5th 557, 565-571, review granted April 21, 2021, S267529 [Fourth Appellate District, Division Two]; (2) *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916, 918-921 [Fourth Appellate District, Division Two]; (3) *People v. Paige* (2020) 51 Cal.App.5th 194, 197-198 [First Appellate District, Division Two]; (4) *People v. Turner, supra*, 45 Cal.App.5th at pages 435-439 [Fourth Appellate District, Division One]; (5) *People v. Flores* (2020) 44 Cal.App.5th 985, 992-997 [Fourth Appellate District, Division One]; and (6) *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887-888 [Second Appellate District, Division Six].

We have reviewed the cases listed above, all of which have rejected all of Reyna's arguments.  We agree with the analysis in each of the cases.

In *People v. Turner, supra*, 45 Cal.App.5th at pages 435 through 439, this court analyzed the arguments that are now presented in this appeal and rejected them.  For the reasons set forth in *Turner*, we once again hold that a

3

person convicted by plea of voluntary manslaughter is not eligible for resentencing under section 1170.95. We further hold that denial of eligibility for relief to persons convicted of voluntary manslaughter does not violate equal protection. (*People v. Harris, supra,* 60 Cal.App.5th at p. 570, rev. gr.)

## DISPOSITION

The order denying Reyna's petition for resentencing under section 1170.95 is affirmed.


O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


GUERRERO, J.

4